UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **JARED MOORE, individually and on behalf of all others similarly situated** § § § § *Plaintiff*, § § **v.** § § **BOTTOM LINE SERVICES, LLC** § § *Defendant*. § | § **Docket No.** § § **JURY TRIAL DEMANDED** § § **COLLECTIVE ACTION** § **PURSUANT TO 28 U.S.C. § 216(b)** § § § |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Bottom Line Services, LLC (hereinafter, "BLS" or "Defendant") pays its hourly employees a daily per diem. The per diem represents compensation that is primarily for the benefit and convenience of BLS' hourly employees. As a result, the Fair Labor Standards Act ("FLSA") requires that this type of compensation be included in the calculation of the regular rate of pay for overtime purposes. Because the per diem was not used in calculating the regular rate of pay, BLS's hourly employees were not properly compensated at a rate of one-and-one-half times their regular rate of pay – as defined by FLSA – for all hours worked in excess of forty hours in a single week. This collective action seeks to recover the additional overtime wages and other damages owed to these workers.

### II.  JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.   THE PARTIES

4. Jared Moore ("Moore" or "Plaintiff") worked for Defendant as an hourly-employee during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as Exhibit A.

5. The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY BOTTOM LINE SERVICES, LLC WITHIN THE PAST THREE YEARS AS HOURLY EMPLOYEES; AND (B) WHO WERE PAID A "PER DIEM."**

6. Bottom Line Services, LLC is a Delaware corporation with its principal place of business in George West, Texas. Bottom Line Services, LLC may be served with process through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### IV.   FACTS

7. BLS provides midstream and upstream pipeline and plant construction assistance for the energy industry. BLS has its principal office in George West, Texas with additional offices in Cuero and Asherton, Texas. On information and belief, BLS has more than 1,000 employees.

8. Moore worked for BLS as an hourly employee during the relevant time period. His home office was in Cuero, Texas and he worked in the surrounding area. On information and belief, Moore's work hours were recorded by a time keeper.

9. In addition to his hourly rate, Moore received a $95.00 per diem each day he worked that was intended to reimburse him for things like lunch, rent, and other normal everyday expenses. The per diem was intended to reimburse Moore and all Putative Class

Members for expenses normally incurred by an employee for his own benefit and convenience.

10. BLS would provide the per diem through a reloadable, Comdata Debit MasterCard, attached hereto as Exhibit B.

11. BLS did not and does not consider the per diem when calculating the regular rate of pay for overtime purposes.

12. Because the per diem is not used to reimburse Moore or the Putative Class Members for expenses incurred by an employee in the furtherance of the employer's interest or benefit, the per diem is actually a disguised wage.

13. The per diem should be included in the regular rate calculation for overtime purposes.

14. As such, Moore and the entire Putative Class Members were not properly compensated at one-and-one-half times their regular rate – as defined by the FLSA – for all overtime worked in excess of forty hours in a single workweek.

## V. FLSA VIOLATIONS

15. During the relevant time period, Defendant has violated, and is violating, Section 7 of the FLSA by failing to include the per diem rate in the calculation of the regular rate of pay to determine the overtime rate. 29 U.S.C. § 207(e)(2) (As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee. . . .); *see also* 29 C.F.R. § 778.217(d) ("If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal

everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses.""). As such, Defendant has failed to properly pay Plaintiff and the Putative Class Members overtime wages at one-and-one-half times their regular rate for all hours worked in excess of forty hours per workweek.

16. None of the exemptions or exclusions provided by the FLSA allow Defendant to ignore the amount of the per diem in calculating the regular rate of pay for overtime purposes when applicable.

17. Defendant knowingly, willfully, and in reckless disregard carried out its illegal pattern or practice of excluding the per diem from the regular rate calculation for purposes of overtime. The decision by Defendant not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to one-and-one-half their regular rate of pay – as defined within the FLSA - plus liquidated damages, attorney's fees, and costs.

## VI.   COLLECTIVE ACTION ALLEGATIONS

18. Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that their hourly regular rate did not include the per diem for overtime purposes.

19. Plaintiff has actual knowledge that the Putative Class Members have been subject to the same or similar compensation scheme. Plaintiff worked with many individuals employed by Defendant and has personal knowledge that they were also paid a "per diem" that was not considered part of the regular rate of pay for purposes of calculating overtime.

20. While Putative Class Members job titles may differ, they are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of underlying job duties, pay provisions, and employment practices.

21. All Putative Class Members receive a per diem reimbursement for expenses normally incurred by an employee for his or her own benefit, which is not considered by Defendant as part of the regular rate for purposes of calculating overtime.

22. The Putative Class Members regularly work or have worked in excess of forty hours during a workweek.

23. The per diem reimbursement does not fall within the few and narrow exclusions of the FLSA.

24. The Putative Class Members are similarly situated to Plaintiff in terms of underlying job duties, pay structure, and/or the denial of one-and-one-half their regular rate for all hours worked over forth in a week as required by the FLSA.

25. Defendant's failure to include the per diem into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on the personal circumstances of the Putative Class Members.

26. The job specific titles or precise job responsibilities of each Putative Class Member does not prevent collective treatment.

27. All Putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the minimum rate of one-and-one-half times their regular rate of pay – as defined by the FLSA – for all hours worked in excess of forty hours in a single workweek.

28. Although the exact amount of damages may vary among Putative Class Members, the damages for the Putative Class Members can be easily calculated by a simple formula, because all hours worked by the Putative Class Members were recorded by a time keeper.

29. The claims of all Putative Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Putative Class Members.

30. In sum, Defendant's failure to include the per diem into the Putative Class Members' regular rate of pay calculation for overtime purposes results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

31. Notice should be issued to the Putative Class Members.

## VII.   JURY DEMANDED

32. Plaintiff hereby demands a trial by jury.

## VIII.   RELIEF SOUGHT

33. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting any such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Andrew Dunlap
Fed. Id. 1093163
State Bar No. 24078444
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
**FIBICH, HAMPTON, LEEBRON,
BRIGGS & JOSEPHSON, L.L.P.**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**